DECISION. *Page 2 
{¶ 1 } Defendant-appellant Michael Gundrum appeals the judgment of the trial court adopting a magistrate's distribution of marital assets. Gundrum was married to plaintiff-appellee Debra Jean Kenning in August 1990 and they were divorced in 2006. In two assignments of error, Gundrum asserts that the trial court erred in (1) concluding that his 75% interest in a dental laboratory had appreciated $272,090 during the marriage, and (2) continuing and increasing the amount of spousal support. In addressing his assignments of error in turn, we affirm.
 {¶ 2} A hearing was held in September 2005 before a magistrate to determine property division. At the hearing, Gundrum testified that he owned a 75% interest in Gundrum Dental Laboratories Incorporated, that his brother owned the other 25%, and that in 2004 the venture had gross sales exceeding $800,000. He also testified that, contained in the Gundrum Dental restrictive-stock agreement and cross-purchase agreement was a valuation method to be used in the event of a transfer of ownership between the Gundrum brothers. Under the agreement, the worth of the company could be calculated by using financial information from the previous three years.
 {¶ 3} The court relied on a valuation letter from Dan Henning (Gundrum's, Kenning's, and Gundrum Dental's accountant and bookkeeper) in concluding that Gundrum Dental's value had appreciated $272,090 during Gundrum and Kenning's marriage. In the letter to Gundrum, dated December 6, 2004, Henning had used the restrictive-stock formula to calculate Gundrum Dental's value from March 31, 1991, to March 31, 2004. In 1991, Gundrum Dental was valued at $422,765, and in 2004 it had a value of $694,855 — an appreciation of $272,090. Gundrum's 75% interest in Gundrum *Page 3 
Dental equaled $206,788.40, and the trial court awarded Kenning half of that amount, or $103,394.20.
 {¶ 4} Later, Henning testified that the formula contained in the agreement was unusable because the formula "required" three years' worth of financial information, and because that information was unavailable. Henning also testified that Gundrum Dental's worth could be determined using the net-asset-value method — generally the value of an entity's assets less the value of the entity's liabilities. And that under that valuation method, the business had actually declined in value during the marriage.
 {¶ 5} Trial courts are given broad discretion in determining the equitable distribution of property in divorce actions.[1] And that determination is subject to an abuse-of-discretion standard on appeal.[2] "A Court of Common Pleas has broad discretion to determine what property division is equitable in a divorce proceeding. The mere fact that a property division is unequal does not, standing alone, amount to an abuse of discretion."[3] An abuse of discretion is more than an error of law or judgment; it connotes an attitude that is unreasonable, arbitrary, or unconscionable.[4] But, there is no presumption of an equitable division of marital property in a divorce.[5]
 {¶ 6} The appreciation in the value of separate property during the marriage is marital property.[6]
 {¶ 7} Gundrum argues that the trial court erred in using starting and ending dates for the determination of value that did not coincide with the exact dates of the duration of the marriage. *Page 4 
 {¶ 8} "`Equity may occasionally require valuation as of the date of the de facto termination of the marriage. The circumstances of a particular case may make a date prior to trial more equitable for the recognition, determination and valuation of relative equities in marital assets. In order to do equity, a trial court must be permitted to utilize alternative valuation dates, such as the time of permanent separation or de facto termination of the marriage, where reasonable under the facts and circumstances presented in a particular case. In this fashion, the trial court will have the necessary flexibility to exercise its discretion in making truly equitable awards consistent with legitimate expectations of the parties.'"[7]
 {¶ 9} Again, we note that financial information for Gundrum Dental was unavailable for the date of the marriage. But the financial statements were available for March 1991 — Gundrum and Kenning were married in August 1990, a difference of about seven months. The trial court determined that the beginning and ending calculation dates were dates within the duration of the marriage, and that they were based on the best available information. Our review of the record convinces us that the trial court did not abuse its discretion, and that its explanation for using dates different from the date of marriage and the date of termination was adequate.
 {¶ 10} Gundrum's argument that the trial court should have valued the company by using the net-asset-value method is likewise meritless. The trial court used the valuation method originally provided by Gundrum's accountant, which showed an increase in value, rather than the net-asset-value method, which showed a decrease in value. Gundrum Dental had existed for some time and had a history of profitability, and *Page 5 
under these circumstances the restrictive-stock formula showing an appreciation was a more appropriate valuation method. Gundrum's first assignment of error is overruled.
 {¶ 11} Gundrum also argues that the trial court erred in continuing spousal support and in increasing the amount of spousal support. Our review of the record convinces us that the trial court properly considered the factors enumerated in R.C. 3105.18(C), and that the court did not abuse its discretion in its award or increase of spousal support. The second assignment of error is without merit, and the trial court's judgment is, accordingly, affirmed.
Judgment affirmed.
HILDEBRANDT and WINKLER, JJ., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See Berish v. Berish (1982), 69 Ohio St.2d 318, 319,432 N.E.2d 183; Thompson v. Thompson, 1st Dist. No. C-050578,2006-Ohio-2623, ¶ 11.
[2] Id.
[3] See Cherry v. Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293, paragraph two of the syllabus.
[4] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[5] See Thompson, supra.
[6] See Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401,696 N.E.2d 575; R.C. 3105.171.
[7] See Abolfatzadeh v. Abolfatzadeh, 1st Dist. Nos. C-050039 and C-050056, 2006-Ohio-573, quoting Berish, supra,69 Ohio St.2d at 320-321. *Page 1